Fuld, J. (dissenting).
I, too, am for reversal, for I do not believe that the courts of this state are helpless to prevent the consummation of a practice so offensive and repugnant as the one disclosed by the papers before us.
It is quite true that in this state evidence, though illegally obtained, is admissible, and it is also true that the statutory provision which protects from disclosure client-attorney communications is aimed at the attorney and not at third persons who may have overheard or learned what transpired at the privileged conference.[1] But in this case we deal with something quite different, something quite unprecedented. *107 In other cases that have arisen, the evidence was potentially admissible; it could have been obtained properly by means of a search warrant or by means of an order permitting interception of telephonic communications. That is not true of the “ evidence ” with which we are now concerned; here, a search warrant could not possibly have been procured to obtain such evidence, and no order could possibly have been obtained to tap a lawyer’s telephone and permit the interception of communications between such lawyer and a client in order to intrude upon privileged conversations.
It cannot be too strongly emphasized that this is not the simple case of a third person eavesdropping on two people who, in this telephonic and electronic age, might be expected to anticipate interception and recording of their conversations. This is a ease where the state, or one of its subdivisions, actually invited an attorney into a room so that he and his client might carry on their confidential business in private — indeed, there was no other place where the client could consult with counsel — and, despite the invitation and despite the more basic guarantee of privilege and confidentiality granted by statute, recorded what was said and then, some time later, turned the record over to another branch of state government. It cannot be the law that the state may be a party to such a practice and urge that nothing may be done, when the recording is sought to be introduced into evidence, to prevent disclosure and publication of its contents.
Although I have come on no case involving an occurrence similar to that before us, and that, of course, is readily understandable, this court has had occasion to consider and condemn occurrences not too unlike it and, in my view, those decisions require a reversal and a judgment sustaining the complaint. (See People v. Cooper, 307 N. Y. 253, 259; Matter of Fusco v. Moses, 304 N. Y. 424; see, also, Coplon v. United States, 191 F. 2d 749.) In these cases, the asserted impropriety occurred during the pendency of a hearing or a prosecution against the client, while in the present case no litigation was pending against the client when the prison authorities recorded his talk with his lawyer. However, the client was then actually under investigation by the parole authorities, if not by other agencies, and, accordingly, the intrusion upon the conference, supposedly private and secret, constitutes the interference and invasion *108 of a person’s right to counsel which the courts have always condemned. I repeat what this court declared in People v. Cooper (supra, pp. 259-260), “ Intrusion upon a client-lawyer conference, whether in the privacy of an office or at the counsel table in court, contravenes our sense of traditional fair play and due process and is particularly offensive where defendants have sought to keep their conversations and communications secret and confidential * * *. To cull from what was said in Coplon v. United States (supra, 191 F. 2d 749, 759, certiorari denied 342 U. S. 926), ‘ The prosecution is not entitled to have a representative present to hear the conversations of accused and counsel.’ ”
Once it be decided that disclosure and publication of the recorded client-attorney communication impinge on fundamental guarantees, it cannot be that our courts are powerless to prevent the contemplated action. It is to the people of the state that the judiciary owes a duty, and it must ever be alert, to restrain incursions on rights fundamental to individual freedom. Accordingly, when members of a committee of the legislature, in the conduct of a public hearing, misconceive constitutional or basic principles, a court cannot, when its jurisdiction is invoked, refuse to voice an opinion or decline to take action appropriate to the situation presented, however much it may differ from that of the committee.
I would add one further thought in view of a contention advanced by the defendants. It may well be that the communication between the plaintiffs was not privileged, that either there was no relationship between them of client and attorney or, if there was such a relationship, the subject matter was such as to deprive the communication of the privilege and cloak of confidentiality. However, on the strength of the allegations of the complaint, which must be considered as true at this stage of the litigation, we deal with a true client-attorney relationship and a communication unquestionably protected.
The judgment dismissing the complaint should be reversed.
Conway, Ch. J., Van Voorhis and Burke, JJ., concur with Froessel, J.; Desmond, Dye and Fuld, JJ., dissent in separate opinions in which each concurs.
Upon appeal from judgment: Judgment affirmed.
Upon appeal from order denying temporary injunction: Appeal dismissed.

. It is noteworthy that the National Conference of Commissioners on Uniform State Laws have proposed a rule which brings within the sweep of tire client-lawyer privilege the testimony of any witness disclosing a communication between client and lawyer “if it came to the knowledge of such witness (i) in the course of its transmittal between the client and the lawyer, or (ii) in a manner not reasonably to be anticipated by the client (Handbook of National Conference of Commissioners on Uniform State Laws [1953], rule 26, p. 179.)